**The document below is hereby signed.**

**Dated: March 10, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                  UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF COLUMBIA
```

In re                              )
                                   )
                                   )   Case No.
 ANDRE WHITNEY,                    )   11-00809
                                   )   (Chapter 13)
           Debtor.                 )
_____  )
                                   )
                                   )
ANDRE WHITNEY,                     )
                                   )
           Plaintiff,              )
                                   )   Adversary Proceeding No.
      v.                           )   12-10004
                                   )
OCWEN LOAN SERVICING LLC,          )   **Not for Publication in**
                                   )   **West's Bankruptcy Reporter**
           Defendant.              )

MEMORANDUM DECISION RE MOTION FOR DEFAULT JUDGMENT

   The debtor seeks to avoid the lien of Ocwen Loan Servicing LLC on his real property on the basis that the value of the debtor's real property is fully encumbered by a senior lien. Ocwen has failed to respond to the complaint.  The debtor's motion for default judgment would treat Ocwen's claim as unsecured and treat the lien as avoided without qualification. The lien, however, will not stand avoided if the case is

converted or dismissed.  *See, e.g.*, *In re Scantling*, --- B.R. ----, 2012 WL 593218, *8 (Bankr. M.D. Fla. Feb 24, 2012).  The motion for default judgment will be granted with the clarification that although Ocwen's claim will be treated as fully unsecured for purposes of the administration of the debtor's chapter 13 plan, the lien will remain avoided only if the debtor completes plan payments (or completes plan payments to the extent necessary to obtain a so-called "hardship discharge" under 11 U.S.C. § 1328(b)).[1]

                                        [Signed and dated above.]

Copies to: All counsel of record;

Ocwen Loans
P.O. Box 785053
Orlando, FL 32878

Cynthia Niklas
Chapter 13 Trustee
4545 42nd Street NW
Suite 211
Washington, DC 20016

---

[1] This case does not present the issue whether a debtor in a chapter 13 case may avoid a lien if the debtor is ineligible under 11 U.S.C. § 1328(f) to obtain a discharge.  Compare, *e.g.*, *In re Scantling*, and *In re Okosisi*, 451 B.R. 90 (Bankr. D. Nev. 2011), with, *e.g.*, *Victorio v. Billingslea*, 2012 WL 628310, *5 (S.D. Cal. Feb. 24, 2012), *aff'g In re Victorio*, 454 B.R. 759, 774 (Bankr. S.D. Cal. July 8, 2011); *In re Jarvis*, 390 B.R. 600, 605-06 (Bankr. C.D. Ill. 2008).